## SMITH v. THE STATE.

### No. 8690.

JUDGMENT.—*Entry.*—*Omission of Names of Jury in Finding.*—*Mistake.*—*Correction.*—*Nunc pro tunc Entry.*—*Criminal Law.*—Where, in the record of the finding and judgment in a trial of a criminal case, in the circuit court, the names of the jurors who tried such case were omitted therefrom through mistake, the court has power, upon notice and motion, to correct such record by a *nunc pro tunc* entry, though such notice was not given within one year after such trial.

SAME.—Whenever the record shows that proceedings have been had, or a judgment has been rendered, in any case, of which no proper or sufficient entry has been made by the clerk, it is the duty of the court, upon proper application and notice, to supply such omissions by the requisite *nunc pro tunc* orders and entries.

SAME.—*Practice.*—*Presumption.*—*Supreme Court.*—Where errors assigned on appeal are not shown by the record, the Supreme Court will presume in favor of the correctness of the decision of the trial court.

From the Clark Circuit Court.

*M. B. Williams*, for appellant.

*D. P. Baldwin*, Attorney General, and *W. W. Thornton*, for the State.

HOWK, J.—This case was commenced before a justice of the peace of Clark county, and was founded upon an affidavit, wherein it was charged, in substance, " that on the 14th day of August, 1878, at the county of Clark, and State of Indiana, Henry Smith did unlawfully disturb, molest and interrupt a collection of citizens of the State of Indiana, then and there assembled for a lawful purpose, to wit, a temperance meeting, then and there by loud talking, and walking over the floor, during the time of speaking, contrary to the form of the statute," etc.

The trial of the appellant on this charge, before the justice, resulted in his conviction, from which he appealed to the Clark Circuit Court. At the October term, 1878, of said court, to wit, on the 30th day of October, 1878, the following entry was made in this case on the order book of the court, to wit:

" State of Indiana, ⎫
          v.         ⎬ Disturbing Meeting.
" Henry Smith.     ⎭

" Comes now Matthew Clegg, Esq., who prosecutes the pleas of the State in this behalf, and the defendant also comes in person and by counsel; and this case being at issue and for trial, thereupon comes a jury, to wit, twelve good and lawful men, competent to serve as jurors, who being elected, tried and sworn to well and truly try the issues joined in this action and a true verdict render, according to the law and the evidence, and who, after hearing the evidence, arguments of counsel and charge of the court, retire under the charge of a sworn bailiff to consider of their verdict, and afterward return into open court their verdict, in words and figures following :

" ' We, the jury, find the defendant guilty, and fine him five dollars.          JOHN T. BRIGHT, Foreman.'

" It is therefore considered and adjudged by the," etc.

In this imperfect and unfinished condition, the record of this cause appears to have remained, until the October term, 1879, of the court below, when, on the third day of November, 1879, a petition in said cause was presented to the court, in substance, as follows :

" To the Hon. Clark Circuit Court: Thomas L. Smith, Prosecuting Attorney of the Fourth Judicial Circuit, in the State of Indiana, who prosecutes the pleas of said State in and for said county, now gives the court here to understand and be informed, that on the 30th day of October, at the October term, 1878, of said court, there was pending against one Henry Smith a prosecution for unlawfully disturbing a lawful meeting of the inhabitants of the State of Indiana; that said Smith was then and there duly tried upon said charge by a jury, empanelled for that purpose, who returned into court their verdict, finding said Smith guilty as therein charged ; that said Smith was thereupon

adjudged guilty by the court, and judgment rendered therein, in accordance with such verdict; that the proceedings of said trial, up to and including the said verdict, were duly entered of record in order book No. 23 of said court, on page 230, except the names of the jury, which were omitted from said record, as will appear by reference thereto; but that the judgment of the court, so rendered and pronounced upon said verdict, and the names of the jurors as aforesaid, by mistake, inadvertence or omission, were not entered of record. Wherefore said prosecuting attorney moves the court to order and direct judgment to be rendered upon said verdict, in accordance therewith, now as of that date, and such judgment entered of record among the proceedings of the court as of the date when such verdict was returned and the judgment of the court rendered therein, and that the said record be so amended as to show and set forth the names of the jury, and for all other proper relief in behalf of the State in the premises."

To this petition, the appellant appeared and demurred thereto for the alleged insufficiency of the facts therein to constitute a cause of action. At the January term, 1880, of the court below, and before the said demurrer to the petition was passed upon by the court and without any decision thereon, the appellant moved the court in writing to dismiss the said petition or motion of the prosecuting attorney, for two reasons, in substance, as follows:

" 1. Because said motion and notice were not filed and given within one year after the trial therein mentioned;

" 2. Because no such order could be made after the term at which such trial was had."

This motion was overruled by the court, and to this ruling the appellant excepted; and, failing and refusing to plead further, the court found from the proofs adduced, that the material allegations of said petition or motion were true, and rendered judgment accordingly, amending

and correcting the record of this cause in the manner prayed for in said petition; to all of which proceedings the appellant at the time excepted, and has appealed to this court.

. On the record of this cause thus made up, the appellant has entered the following assignment of errors:

"1. The court erred in overruling appellant's motion to dismiss said proceedings;

"2. The court erred in making said '*nunc pro tunc*' order to stand as of a date more than one year prior to the making of the same;

"3. The court erred in the form of the order made;

"4. The court erred in so framing the order as to direct the arrest of the appellant, and that he be committed to the jail;

"5. The court erred in taking proofs outside the record, in determining the application to amend;

"6. The finding of the court is irrelevant, unauthorized and erroneous;

"7. The court erred in not reserving to appellant the right to appeal from the original proceedings and trial, in said *nunc pro tunc* entry; and,

"8. The court erred in altering the record in this case, after the same ceased to be *in fieri*, and after the close of the term at which the record therein was made."

It does not appear from the record of this cause, that the appellant moved the court for the modification or amendment, in any particular, of such *nunc pro tunc* entry of said judgment. The evidence adduced upon the trial or hearing of said petition, or motion was not made a part of the record and is not before us. It seems to us, therefore, that the only question properly presented for the decision of this court, by the record of this cause, arises under the first alleged error, and is this:

Did the court below err in overruling the appellant's

motion to dismiss the said petition or motion of the prosecuting attorney, for the *nunc pro tunc* entry of the judgment theretofore rendered by the court, in this cause?

The rendition of a judgment and the entry of such judgment are different and distinct, each from the other. The former is the act of the court, while the latter is the act of the clerk of the court. *Anderson* v. *Mitchell*, 58 Ind. 592. It can not be doubted, we think, that the courts of this State are possessed of full and ample powers to correct mistakes and supply omissions in their records, whenever and wherever the records afford the means for making such corrections and supplying such omissions. Whenever the record shows, that proceedings have been had, or a judgment has been rendered, in any case, of which no proper or sufficient entry has been made by the clerk, it is the duty and within the powers of the court, upon proper application and notice, to supply such omissions by the requisite *nunc pro tunc* orders and entries. These powers of the courts are chiefly derived from an act of Parliament, 8 Henry VI., c. 12, which, with the common law of England, is a part of the law of this State. By said act of Parliament, as applied to this State, it is provided in effect, that the judges of the courts, in which any record, etc., for the time shall be, shall have power to examine such records, etc., by them and their clerks, and to reform and amend in affirmance of the judgments of such records, etc., " all that which to them, in their discretion, seemeth to be misprision of the clerks therein," etc. *Makepeace* v. *Lukens*, 27 Ind. 435; *Hunter* v. *The Burnsville Turnpike Co.*, 56 Ind. 213; *Bales* v. *Brown*, 57 Ind. 282; *Miller* v. *Royce*, 60 Ind. 189; *Newhouse* v. *Martin*, 68 Ind. 224; and *Reily* v. *Burton*, *ante*, p. 118.

In his motion to dismiss the petition or motion of the prosecuting attorney in this case, the appellant assigned, as we have seen, two causes for such dismissal, namely:

1.  Because the petition was not filed, and notice thereof was not given, within one year after the trial of the cause; and,

2.  Because no such order, as the petition prayed for, could be made after the term at which the trial was had.

We are of the opinion, that neither of these causes was well assigned.  We know of no rule of law, and the appellant's counsel has not informed us of any such rule, which would require the petition or motion of the prosecuting attorney to be filed, and notice thereof to be given, within one year after the trial of the cause, or which would prevent the court from making the order prayed for, after the term at which the trial was had.  We think, therefore, that the court did not err in overruling the appellant's motion for the dismissal of said petition.

None of the other supposed errors, assigned by the appellant, are shown by the record of this cause now before us.  All the presumptions are in favor of the correctness of the decisions of the trial court; and, therefore, the appellant should have so saved and presented, in the record, the alleged errors, of which he complains in this court, as to exclude every reasonable presumption in favor of the decision below.  This the appellant has failed to do in the record of this cause.  *Myers* v. *Murphy*, 60 Ind. 282.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.