PARROTT, RESPONDENT, *v.* KANE ET AL., APPELLANTS.

[Submitted October 26, 1893. Decided January 15, 1894.

JUDGMENTS—*Entry—Appeal bond—Defense of sureties.*—An objection by the sureties on an appeal bond, that the judgment from which the appeal was taken had never been entered, and that the bond was therefore void, comes too late when urged for the first time in defense to an action upon the bond, where the bond recited an entry of the judgment, which was affirmed on appeal after counsel for both sides had appeared, no motion having been made to dismiss the appeal as premature, and the execution of the judgment had been stayed for over two years by virtue of such appeal bond.

SURETIES—*Undertaking on appeal—Defenses.*—Sureties on a stay bond cannot maintain in bar to an action instituted by the plaintiff in ejectment to recover damages caused by a stay of execution of a judgment in his favor by virtue of such bond, that the damages occurred by reason of an order of the district court recalling a writ of restitution which it had issued upon a *remittitur* from this court affirming such judgment, and staying all proceedings thereunder, and which order was still in force, where the writ was stayed pending the action on the bond and not upon any grounds affecting the validity of the judgment.

*Appeal from Third Judicial District, Deer Lodge County.*

ACTION on appeal bond. Judgment was rendered for the plaintiff below by WOODY, J. Affirmed.

*Cole & Whitehill,* for Appellants.

I. As a general rule a surety may set up in an action against him any legal or equitable defense which would have been available to his principal, and may introduce any evidence tending to maintain such defense. He is not entitled to every exception which his principal may urge, but any thing which goes to the contract itself, such as fraud, violence, or whatever entirely avoids the obligation, he may plead. (Brandt on Suretyship, sec. 145; Baylies on Guarantees, p. 402, sec. 5;

1 Wait on Actions and Defenses, p. 700; *Jarratt* v. *Martin,* 70 N. C. 459; *Shreffler* v. *Nodelhoffer,* 133 Ill. 536; 23 Am. St. Rep. 626.)

II. If no judgment were entered in the case of *Parrott* v. *Hungelburger,* there was no appeal, and this court was without jurisdiction to affirm or modify such judgment. An appeal taken in such case is abortive, and leaves the case in the court below as undisturbed as though no attempt at appeal had been made. The judgment of this court, made in said action on the fourteenth day of May, 1890, was absolutely void. There being then no affirmance of the judgment on appeal, the sureties were not liable, and they should have been allowed to make such defense. (Comp. Stats., div. 1, § 421, p. 174; *Rader* v. *Nottingham,* 2 Mont. 158; *Murphy* v. *King,* 6 Mont. 30; *Home of Inebriates* v. *Kaplan,* 84 Cal. 486; *McLaughlin* v. *Doherty,* 54 Cal. 519; *Thomas* v. *Anderson,* 55 Cal. 43; Haynes' New Trial and Appeal, sec. 183; Elliott's Appellate Procedure, § 19; Wells' Jurisdiction, § 10.) In this action the sureties are not estopped by the recital of the bond. There being no appeal, the statutory bond could not be given. The appeal being void, the bond also is void, unless it be good as a common-law bond. It is not a common-law bond, for there is no signature of the principal. The recital in the bond in this case, that the defendant was about to appeal "from a judgment made and entered against defendant and in favor of plaintiff," is not the recital of any act of these sureties. It is not pretended that they made and entered the judgment in the district court, or that they knew any thing whatever about such entry. A person is only estopped from denying his own acts, not the acts of another. (Brandt on Sureties, sec. 46; *Ney* v. *Orr,* 2 Mont. 559.) It was admitted in the pleadings that there was a stay of proceedings by order of the lower court, so that no execution could issue on the judgment against the defendant and appellant in the case of *Parrott* v. *Hungelburger,* 9 Mont. 526. It appears from the bond sued on in this action, that the defendant, Hungelburger, is the principal, and the defendants, Kane and McDevitt, are sureties. It also appears therefrom that the condition of the bond is that the appellant, Hungelburger, will pay the penalty thereof. The only liability of these defend-

ants, then, is upon the default of the principal, and, until an execution can be enforced in the original action, there can be no liability on the bond, and we contend that whatever defense the principal in the bond might have should also be available to the surety, and that the lower court erred in disallowing these appellants from making such defense. (*Parnell* v. *Hancock*, 48 Cal. 452; *Sharon* v. *Sharon*, 84 Cal. 434; *First Nat. Bank* v. *Rogers*, 13 Minn. 407; 97 Am. Dec. 239.)

*Edward Scharnikow*, and *Robinson & Stapleton*, for Respondents.

The instrument sued on in this case is a statutory undertaking, not a bond. It has no principal. The contract of the defendants is a separate one on their part. Its execution is admitted, and the new matter set up by the defendants constitutes no defense. The undertaking recites that the judgment was entered, which is a special recital, and the defendants are thereby estopped from asserting to the contrary. (Bigelow on Estoppel, 308–09; *Hill* v. *Burke*, 62 N. Y. 111–17; Brandt on Suretyship, §§ 42–44, 642; *McMillan* v. *Dana*, 18 Cal. 346; *Murdock* v. *Brooks*, 38 Cal. 600; *Hathaway* v. *Davis*, 33 Cal. 161; *De Castro* v. *Clarke*, 29 Cal. 14; *San Francisco* v. *Randall*, 54 Cal. 408; *Smith* v. *Fargo*, 57 Cal. 158; *Pierce* v. *Whiting*, 63 Cal. 538.) The foregoing authorities we think pretty well establish what we contend for, that appellants are estopped by the recital in the undertaking that the judgment of *Parrott* v. *Hungelburger*, 9 Mont. 526, was entered, from asserting the contrary. None of the authorities of appellants touch this question. That the judgment was not entered is the sole ground of complaint. This alone, and nothing more. If it is so, that whatever defense the principal could interpose the surety could. Had this been a bond, as it is not, and had Hungelburger signed it, which she did not, and with the recital it contains (that the judgment was entered), she would have been also estopped by such recital, and could not have been allowed to make the defense stricken out. The entry of the judgment would have been no part of this record on appeal. It was the judgment which was appealed from, and that judgment constituted part of the record, not its entry, and the

undertaking reciting the entry of the judgment gave the appellate court jurisdiction. Even did it not contain such recital, their defense would not be good. Their contract was to pay in a certain event, and that event occurred. (*Bullard* v. *Gillette*, 1 Mont. 510; *Babbitt* v. *Finn*, 101 U. S. 13; *Crane* v. *Weymouth*, 54 Cal. 476.)

DE WITT, J.—The plaintiff herein is the same person who was the plaintiff in the case of *Parrott* v. *Hungelburger*, reported in 9 Mont. 526. He brought this action against John Kane and another, who were sureties on the stay bond on the appeal of *Parrott* v. *Hungelburger*. See the report of that case for the facts therein. That action was in the nature of ejectment, judgment being for the plaintiff. The bond given by defendant thereon, on appeal, was that she would pay the value of the use and occupation of the premises, not exceeding five hundred dollars, pending the appeal. In this present action on that bond, plaintiff recovered judgment for five hundred dollars. The defendants appeal.

The complaint in this case sets up the fact of the judgment in the district court in *Parrott* v. *Hungelburger*, for the restitution and possession of the premises; also, the appeal by the defendant Hungelburger from the judgment, and the giving of the undertaking on appeal by the persons who are the defendants in the case at bar (which undertaking is set out in full as an exhibit to the complaint). The complaint further sets up the fact of the stay of proceedings by virtue of the undertaking, and the keeping of plaintiff out of possession of the premises; also, the fact of the affirmance of the judgment in *Parrott* v. *Hungelburger*, 9 Mont. 526, and the *remittitur* to the district court. The undertaking on appeal in *Parrott* v. *Hungelburger* recites as follows: "Whereas, the defendant in the above-entitled action is about to appeal to the supreme court of the territory of Montana from a judgment made and entered against defendant, and in favor of plaintiff, in said action, in said district court, on the thirtieth day of October, 1888, for the restitution of the premises described in the complaint, for damages, and for costs; and whereas, the appellant is desirous of staying the execution of said judgment so appealed from,

in so far as it relates to the possession of the land and premises described in the complaint." The undertaking then goes on to bind the sureties for the value of the rents and profits.

The defendants denied that in *Parrott* v. *Hungelburger*, 9 Mont. 526, any judgment was ever given, rendered, or entered in the district court in favor of plaintiff in that case. This denial was by the district court stricken from the answer, the court holding that defendants, could not be heard to make it. Defendants contend that this was error. We will examine this contention.

Hungelburger died pending the appeal of *Parrott* v. *Hungelburger*, 9 Mont. 526, in this court, and Peter McDevitt, administrator, who is also a defendant in the present case, was substituted. It is not contended in argument by the appellants but that the judgment in *Parrott* v. *Hungelburger* was rendered, nor, as it appears, could it be so contended. In the record of that case, in this court, a copy of the judgment appears, formal in all respects, signed by the judge, and indorsed, "filed and entered October 30, 1888." But appellants say that, in fact, the judgment was not entered, and, if not entered, the appeal was premature and a void proceeding, and the undertaking given thereon was also void. Appellants urge that, therefore, on the trial below, they had the right to allege and prove that the judgment in *Parrott* v. *Hungelburger* had not been entered.

A distinction has been made between "rendering" and "entering" a judgment. That distinction is pointed out by Mr. Justice Sawyer in *Gray* v. *Palmer*, 28 Cal. 416. Rendering judgment is the judicial act of the court. Entering it is the ministerial act of the clerk. A judgment is a judgment when it is rendered. It is the rendering which makes it a judgment. The entering makes a record of the judgment which the court has rendered. (See, also, 1 Black on Judgments, § 106, and cases cited.)

As to the time for taking an appeal from a final judgment in an action commenced in the court in which the judgment is rendered, it is provided by our statute that it shall be taken "within one year after the entering of the judgment." (Code Civ. Proc., § 421.) Construing the same language as is used

in this section, the California supreme court has held that an appeal would, on motion, be dismissed, if taken before the entering of the judgment. (*Thomas* v. *Anderson*, 55 Cal. 43; *McLaughlin* v. *Dougherty*, 54 Cal. 519; Hayne's New Trial and Appeal, p. 549.) The appeals in these cases were held to be premature. There was no question but their subject matter was within the jurisdiction of the court, but it was held that they had been brought into court before the time provided by law. For this reason they were dismissed upon a motion made when the case came to the supreme court. But there is a very different state of facts in the case at bar. No motion to dismiss the appeal was ever made in *Parrott* v. *Hungelburger*, 9 Mont. 526. In fact, the persons now complaining of the entertaining of the appeal in that case are the persons who gave the stay bond on that appeal, which was so entertained. The appellants in this case stand in this position: They executed and filed their undertaking in *Parrott* v. *Hungelburger*, in which they solemnly recited that judgment had been made and entered in that case. That judgment was brought before this court for review. The clerk certified that it was the judgment in that case, and, furthermore, certified that judgment had been entered. Counsel for both sides appeared, and argued the appeal twice in this court. Not a suggestion was made by any one that the judgment had not been entered, and it is conceded all through the history of the case that the judgment was in fact rendered. After the decision in this court no motion for rehearing was made. The *remittitur* was sent to the district court, and filed therein. That *remittitur* was read in evidence on the trial of the case at bar. It was a record of this court, and became, by filing in the district court July 22, 1890, a record of that court in that case. It appears thereby, and therefore was in evidence on the trial of this case, that the judgment in *Parrott* v. *Hungelburger* was entered October 30, 1888. The decision of this court, affirming the judgment, was upon May 4, 1890. The defendant in *Parrott* v. *Hungelburger*, 9 Mont. 526, enjoyed the stay of proceedings from October 30, 1888, to November 28, 1890, at which time a writ of restitution was issued. The plaintiff in the case of *Parrott* v. *Hungelburger*, 9 Mont. 526, against whom the appeal was taken, never

asked to have it dismissed, and the defendant, Hungelburger, not only did not ask to have it dismissed, but was the active agent in bringing the appeal to this court, and having it heard. The consideration for the undertaking was the stay of proceedings. That consideration was received. The stay was had. After all this history of the proceedings, and when the plaintiff, who had been kept out of the possession for over two years by virtue of the appeal and the stay bond, asks to be made good for his damages, he is met with the objection for the first time that the judgment had not been entered. We are of opinion that the objection at this time comes too late.

The case of *Hill* v. *Burke*, 62 N. Y. 111, was an action upon an undertaking given upon appeal. The following remarks by the New York court of appeals, in deciding the case, are in point, both as to the facts and the conclusions: "The objections relate to the regularity of the appeal, and, I think, are not well founded. It appeared upon the trial, by the *remittitur* of the court of appeals which was introduced in evidence, and it is stated as a fact in the case that the *remittitur* showed, among other things, that an appeal was taken from the judgment of the general term of the supreme court, referred to in said undertaking, to the court of appeals, and that said judgment was duly affirmed by the court of appeals, with costs, and the proceedings duly remitted to the court below. This was, I think, conclusive evidence that an appeal had been taken by the filing of the notice with the undertaking, the service of the same, and a copy of the undertaking, as the code requires; and it was not necessary to establish, by other and independent evidence, that these preliminary steps, which are required to perfect the appeal, had been taken. It may also be remarked that the complaint alleged that the judgment appealed from was by the court of appeals duly affirmed, with one hundred and thirty-two dollars and twenty-one cents costs; and upon the trial it was admitted by the defendant's counsel that the judgments referred to in the complaint were duly recovered, as therein stated. But even if the provisions of the code had not been complied with in the particulars named, it was, at most, an irregularity; and the submission of the cause to the court of appeals by the respondent, without any

objection to the jurisdiction, must be regarded as a waiver of the filing and service, and obviate the alleged defect." (See, also, *Murdock* v. *Brooks,* 38 Cal. 600; *Hathaway* v. *Davis,* 33 Cal. 161; *Pierce* v. *Whiting,* 63 Cal. 538.)

Another point of appellants must be noticed. They contend that plaintiff has not suffered any damages, caused by a stay by virtue of the undertaking, but that the damages occurred by reason of an order of the district court staying execution, which order is still in force. In regard to that order and the time when it was made, we observe the following facts, as they appear in the record: The *remittitur* from this court in *Parrott* v. *Hungelburger,* 9 Mont. 526, was filed in the district court July 22, 1890. The following November 28th a writ of restitution was issued. A year later, December 3, 1891, the writ of restitution was, on motion of defendant, recalled and quashed, and all proceedings were stayed. This action now before us on appeal was commenced March 27, 1891—prior, it is observed, to the quashing of the writ of restitution—but, when the case was tried, the stay of December 3, 1891, was still in force. As to this, the appellants urge and state in their brief, "so long as there is an order of the court in force staying execution on judgment against the party who had appealed from a lower court, the sureties on his appeal bond cannot be sued." Appellants, in this connection, cite *Parnell* v. *Hancock,* 48 Cal. 452; *Sharon* v. *Sharon,* 84 Cal. 434; *First Nat. Bank* v. *Rogers,* 13 Minn. 407; 97 Am. Dec. 239. It is said in *Parnell* v. *Hancock:* "Before the defendants, as sureties of Porter, can be sued, Parnell, their principal, must have himself become absolutely liable to pay the judgment of the county court."

But in the case at bar, the defendant, when this action was commenced, was, and still is, absolutely liable on the judgment in *Parrott* v. *Hungelburger,* 9 Mont. 526. Her liability to restore possession of the premises was adjudged by the district court, and was affirmed by the supreme court, and the *remittitur* was sent down. The judgment is final and conclusive. It is not suggested that it can ever again be questioned. The liability of defendant in that case is settled, and nothing remains but to enforce the judgment. Such were the facts

and conditions when this action was commenced. The keeping of plaintiff out of possession, and absorbing his rents and profits, and this wrongfully, were all complete facts at the commencement of this action. But pending this action, and before its trial in the district court, that court stayed the writ of restitution, but not on any grounds that affected the validity or integrity of the judgment, or the rights of plaintiff, or the liabilities of defendant thereunder. The liabilities of defendant in this case had all accrued and were completed before the action of the district court in recalling the writ of restitution. We are therefore of opinion that the damages to plaintiff were caused by the stay of execution worked by the undertaking.

The judgment is affirmed, with *remittitur* forthwith.

*Affirmed.*

PEMBERTON, C. J., and HARWOOD, J., concur.

