THE BOARD OF COMMISSIONERS OF VIGO COUNTY ET AL. *v.* THE CITY OF TERRE HAUTE.

[No. 17,752. Filed February 26, 1897.]

APPEAL AND ERROR.—*Failure to Perfect Appeal Within One Year From the Rendition of Judgment Appealed From.—Statute Construed.*—The failure of the clerk to enter a judgment on a verdict, for more than three weeks after the rendition thereof will not constitute a sufficient excuse for the failure of appellant to complete an appeal therefrom within one year as provided by section 645, Burns' R. S. 1894.

From the the Vigo Circuit Court. *Appeal dismissed.*

*S. C. Stimson R. B. Stimson H. A. Condit, S. B. Davis, J. S. C. Robinson* and *J. P. Stunkard,* for appellants.

*G. E. Pugh, P. M. Foley, J. O. Piety* and *McNutt & McNutt,* for appellee.

HOWARD, J.—This was a proceeding originally brought by petition of the city of Terre Haute before the board of commissioners of Vigo county, at their June term, 1893, for annexation of certain unplatted lands adjacent to said city, and owned by the appellant, Theodore Hulman, who was unwilling that such annexation should take place. The commissioners denied the petition, and there was an appeal by the city to the circuit court. The right to such appeal has been expressly provided for by the statute, section 4224, Burns' R. S. 1894, (3243, R. S. 1881); and in similar cases the same right has been frequently recognized by this court. *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549; *City of Logansport* v. *La Rose,* 99 Ind. 117. On January 4, 1894, there was a verdict in favor of the city, that the lands should be annexed as prayed for; and on September 20, 1894, judgment was rendered upon the verdict. The proceedings, both before the board and in the circuit court, seem to have been in accordance with the requirements of the statute. Sections 3659, 3660, Burns' R. S. 1894 (3196, 3197, R. S. 1881); *Forsythe* v. *City of Hammond,* 142 Ind. 505, 30 L. R. A. 576, 166 U. S. 506.

The transcript on appeal to this court was not filed in the clerk's office until September 23, 1895, more than one year from the date of the judgment; and the appellee has filed a motion for dismissal of the appeal, under the statute, section 645, Burns' R. S. 1894 (633, R. S. 1881), which statute requires that appeals in civil

actions, except in case of disabilities, shall be taken "within one year from the time the judgment is rendered." Under this statute, it has been held that the record, with the assignment of errors, must be filed in this court within the year. *Johnson* v. *Stephenson*, 104 Ind. 368; *Lawrence* v. *Wood, Admr.*, 122 Ind. 452.

Appellants give as their reason for not having filed the record in time, that they were deceived by the inadvertent act of the clerk in not entering the judgment on the day on which it was rendered, nor until the 13th day of October, 1894. That this reason is insufficient has long since been decided. In *Anderson, Admx.*, v. *Mitchell*, 58 Ind. 592, by like inadvertence, the judgment was not entered as of the day on which it was rendered; and, as in the case at bar, a *nunc pro tunc* order was made by which the entry of the clerk was corrected so as to show the time when the judgment was rendered. It was held in that case that the year for appeal began to run from the date of rendition of the judgment, and not from the date of entry. The facts here, both as to the error and as to the manner of its correction, are quite similar.

In *Smith* v. *State*, 71 Ind. 250, it was said: "The rendition of a judgment and the entry of such judgment are different and distinct, each from the other. The former is the act of the court, while the latter is the act of the clerk of the court." See, also, *Chamberlain* v. *City of Evansville*, 77 Ind. 542, p. 548, and following; *Chissom* v. *Barbour*, 100 Ind. 1; *Mayer* v. *Haggerty*, 138 Ind. 628. In the case last cited, the court said: "The time within which an appeal must be taken begins to run from the date of the rendition of the judgment and not from the date of its entry by the clerk in the order book."

The statute providing that an appeal must be taken within a year, or not at all, is in the nature of a stat-

ute of repose; and after the year has expired the appellee should rest secure in the right to his judgment.

There was in the case at bar no accident or excusable mistake, as in the case of the *Bank of Westfield* v. *Inman*, 133 Ind. 287. The error in the entry of the clerk was equally open to the inspection of both parties; and it is not claimed that any fraud was practiced. There remains, therefore, no possibile ground for authorizing the appeal after the expiration of the year fixed by the statute. *Smythe* v: *Boswell*, 117 Ind. 365.

The appeal is dismissed.