[No. 4141.   Decided September 15, 1902.]

HARRY BARTHROP, *Appellant,* v. WILLIAM G. TUCKER, *Respondent.*

JUDGMENTS — DATE OF RENDITION — NUNC PRO TUNC ENTRY — LIMITATION AGAINST REVIVAL.

Where a judgment was actually announced by the court, but was not signed and entered until nearly two years subsequently, when a *nunc pro tunc* order was made, the bar of the statute against revival began to run from the former date (*Quareles v. Seattle,* 26 Wash. 226, distinguished).

SAME—EFFECT OF ENTRY—POWER OF COURT TO RESTRICT.

The court in making a *nunc pro tunc* order showing that a judgment was actually rendered upon a former date cannot in such order declare that the judgment shall take effect from the former date for some purposes, but that for all other purposes it shall take effect as of the date of signing the judgment, since the effect to be given to judgments is prescribed by law.

Appeal from Superior Court, Clallam County.—Hon. GEORGE C. HATCH, Judge.   Affirmed.

*Trumbull & Trumbull,* for appellant.

*A. W. Buddress,* for respondent.

The opinion of the court was delivered by .

DUNBAR, J.—This is a proceeding under §§ 462 and 463, 2 Hill's Code, for the purpose of reviving a judgment. The motion alleges that the judgment was entered on the

5th day of June, 1895, and the judgment decreed the foreclosure of a mechanic's lien upon certain lots in the city of Port Angeles for a certain sum, with interest at the rate of eight per cent. per annum. After a general denial, the respondent, as a second defense, alleged that the judgment was not rendered, given, or entered within six years prior to the filing of said motion to revive, and urged that the said proceedings were thereby barred by the statute of limitations. To this answer the appellant filed a reply denying said allegation. Upon these issues the proceedings came regularly on for trial and determination on the 9th day of September, 1901, and after the evidence was closed and the argument had, the court, on the 27th day of September, 1901, made and filed its findings of fact and conclusions of law, wherein it is found that, although said findings, judgment, and decree were not signed by the judge nor filed in the court, they were actually had, made, rendered and written on the 9th day of September, 1893, but by oversight they were not signed by the judge until the 5th day of June, 1895, and found as a conclusion of law that the proceedings at law were not commenced within six years, as provided by statute. It is conceded that, if the judgment was rendered on September 9, 1893, the action was not commenced within the period prescribed by law. A judgment was rendered by default. On the default order and judgment which was originally prepared the judge neglected to sign his name, but afterwards the following order was made, and indorsed on the original:

"Be it remembered that the hearing, findings and judgment above set forth was actually had, made, rendered and written on the 9th day of September, 1893, all as above set forth, but by an oversight the same was not signed by the undersigned, the judge of said court, and has remained

since that time in the office of the clerk of the court without being entered in the journal. The court now confirms the findings above set forth and finds the facts and the law to be as therein stated, and now confirms, renders and signs this, the said judgment as above set forth, further ordering and adjudging that the same shall relate back to and take effect from said 9th day of September, 1893, to the end that said sum of $684.37 herein found to be due shall bear interest from said date last mentioned, but for all other purposes this judgment shall take effect as of this date, the 3d day of June, 1895.

JAMES G. McCLINTON, Judge.
Filed and entered June 5, 1895.
A. A. RICHARDSON, Clerk."

The question presented is, was the judgment rendered, within the meaning of the law, at the time it was pronounced by the court and handed down unsigned to the clerk, or was it rendered at the time of the entry of the judgment by the clerk? Appellant cites a decision of this court, *Quareles v. Seattle*, 26 Wash. 226 (66 Pac. 389), to sustain the contention that the judgment could not be considered a judgment rendered, not being effective until the filing of the same by the clerk. This case was on a motion to dismiss the appeal. In that case the judge had certified to this court that the judgment was rendered and spread upon the said page of said journal by the clerk of the court on the 13th day of April, 1901; that the words at the top of the page, "April 6, 1901," did not represent the date when such judgment was spread upon the journal, but the date upon which the judgment was signed and filed. It was said by this court in deciding the case:

"There is a clear distinction between the making or rendering of a judgment and its entry. The judgment is made or rendered when the court announces it or signs the judgment, as is the common practice, and returns the signed judgment to counsel."

While it is true that we held in that case that when
the judgment was signed by the court it was rendered,
and when it was filed by the clerk it became effective as a
judgment, yet it was not necessary to determine the ques-
tion at bar, because the judgment in that case had actually
been signed. But we did say that the judgment was
made or rendered when the court announced it or signed
the judgment, and, so far as the expression by the court in
that case is concerned, the judgment would be rendered as
much when the court announced it as when he signed it.

In *Sears v. Kilbourne,* 28 Wash. 194 (68 Pac. 451),
which is probably the last expression of opinion by this
court on the subject, where the judgment was affirmed
as against an appellant and the sureties on the appeal bond,
and an order was afterwards made by this court setting
aside the former judgment and entering another judgment
to reduce the judgment against the sureties to the amount
for which they were liable on their bond, we held that
judgment was rendered on the first date, within the mean-
ing of the Code, and we quoted approvingly from 18 Enc.
Pl. & Pr., 430, where it is said:

"The rendition and the entry of a judgment are entirely
different things. The first is a purely judicial act of the
court alone, and must be first in the order of time, while
the entry is merely evidence that a judgment has been ren-
dered and is purely a ministerial act."

So, in this case, the essential thing sought by the plaint-
iff in the action was the judicial act of announcing or ren-
dering the judgment. Everything that followed, including
the preparation by the attorney of the journal entry, its
signing by the judge, and the spreading of the same upon
the journal by the clerk, was purely ministerial, evidence
simply of the judicial act of the announcement or rendi-
tion of the judgment. When the court certified that the

judgment was actually had, made, and rendered in September, 1893, he had a right to make the *nunc pro tunc* order which he did make, and make the record speak the truth by rehearsing what the actual transaction at the former period was, and directing the proceedings to relate back to the time of the judicial action. It is true that the court in its *nunc pro tunc* order says "that the judgment shall bear interest from the former date, but for all other purposes the judgment shall take effect as of June, 1895;" but this last provision is simply surplusage, for when it appears from the certificate of the court, or from other evidence, that the judgment was actually entered upon the former date, the law prescribes what the effect of the judgment shall be.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, HADLEY, ANDERS, MOUNT and WHITE JJ., concur.