GANDÍA, PLAINTIFF AND APPELLEE, *v.* TRÍAS ET AL., DEFENDANTS (STUBBE, APPELLANT).

APPEAL from the District Court of San Juan in an Action for Liquidation of Partnership.

MOTION to Dismiss the Appeal.

No. 2118.—Decided March 9, 1920.

APPEAL—NOTICE.—Section 295 of the Code of Civil Procedure, providing that the time within which to appeal shall begin to run from the docketing of the judgment, was modified by the Act of March 9, 1911, so as to read that the time shall begin to run from the date of the filing of notice of the judgment to the losing party among the papers; therefore an appeal will not be dismissed as premature if taken after such notice was given and filed in the record, although the judgment had not been docketed.

The facts are stated in the opinion.

*Messrs. C. Coll y Cuchí* and *G. Cruzado Silva* for the appellant.

*Mr. José de Guzmán Benítez* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff-appellee filed a motion for the dismissal of the appeal taken by the defendant in this case, on the ground that it had been taken before the judgment appealed from had been entered. With his motion he exhibited a certificate issued by the clerk of the District Court of San Juan, Section 2, from which it appears that the judgment in question was rendered in open court on July 16, 1919, and entered at folios 155 and 156 of judgment docket No. 6 of the said court on February 10, 1920. According to the record the appeal was taken on July 16, 1919. The appellee cites in support of his contentions sections 227 and 295 of the Code of Civil Procedure and the jurisprudence laid down by this court in the cases of *La Compañía de los Ferrocarriles de*

*Puerto Rico et al.* v. *La Compañía Línea Ferrea del Oeste et al.,* 8 P. R. R. 408, and *Castrillón & Co.* v. *Castejón,* 27 P. R. R. 828.

The defendant-appellant opposed the motion for dismissal on the grounds that he appealed after the clerk of the court had given him notice that the judgment had been rendered and entered and that section 295 of the Code of Civil Procedure, providing that judgments were appealable after having been entered, was modified by the Act of March 9, 1911, Compilation of 1911, section 4338. With his objection the appellant exhibited a document signed by the clerk of the District Court of San Juan, Section 2, notifying him that said court had "rendered judgment in this case on July 16, 1919, which was duly entered in the corresponding docket, as appears from the record of this case, where you may inform yourself in detail of the terms of that judgment." In the transcript sent up to this court for the appeal there is included a judgment equivalent to the one entered on February 10, 1920.

Both parties were represented at the hearing on the motion by their attorneys and the questions involved were fully argued.

So the matter was submitted to this court. The question involved has been studied and discussed by the court and we have arrived at the conclusion that the appeal should not be dismissed. We shall state the reasons for that conclusion:

Until the year 1911 section 295 of the Code of Civil Procedure was in force. Its first subdivision provided that the time within which to appeal should begin to run from the entry of the judgment. It was similar to the California statute and this court adopted the jurisprudence of the Supreme Court of that State in relation to the dismissal of premature appeals, considering an appeal to be premature if taken before the entry of the judgment.

In 1911 the Legislature of Porto Rico introduced a modi-

fication into the system. It readopted the former Spanish practice of giving notice of judgments, and in drafting the statute it did not speak of entered judgments, but simply of rendered judgments. Section 2 of Act No. 70 of March 9, 1911, reads as follows:

"In all cases in which an appeal may be taken  *  *  *  it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the *judgment* from which the appeal may be taken *is rendered,* notifying him *of the rendition of the judgment*  *  *  *  and a copy of such notice shall be filed with the papers in case, and *the time within which such appeal may be taken shall begin to run* from the date *of the filing of such notice* among the papers." (Italics ours.)

There is a clear distinction between the act of rendering a judgment and the act of entering the same judgment. We cite some jurisprudence on that point taken from 3 Words and Phrases Judicially Defined, p. 2404:

"There is a clear distinction between the making or rendering of a judgment and the entry. The judgment is made or rendered when the court announces it or signs the judgment, as is the common practice, and returns the signed judgment to the counsel, while the entry of a judgment is merely evidence that a judgment has been rendered, and is purely a ministerial act. *Barthrop* v. *Tucker,* 70 Pac. 120, 121, 29 Wash. 666.

"The rendition of a judgment and the entry of such judgment are different and distinct from each other. The former is the act of the court, while the latter is the act of the clerk of the court. *Vigo County* v. *City of Terre Haute,* 46 N. E. 350, 351, 147 Ind. 134 (citing *Smith* v. *State,* 71 Ind. 250; *Chamberlain* v. *City of Evansville,* 77 Ind. 542, 548, *et seq.; Chissom* v. *Barbour,* 100 Ind. 1; *Mayer* v. *Haggerty,* 138 Ind. 628, 38 N. E. 42.)

"Entry of judgment differs from the rendition of judgment, which is a judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and verdict. *Winstead* v. *Evans* (Tex.), 33 S. W. 580; *Martin* v. *Pifer,* 96 Ind. 245, 248; *Parrot* v. *Kane,* 35 Pac. 243, 244, 14 Mont. 23."

This being so, it is necessary to admit that the juris-prudence adopted and applied by this court in relation to premature appeals was somewhat affected by the legislative action of 1911 to which we have referred, and it can not be held now that an appeal is premature· and as such should be dismissed if it is taken after the judgment has been rendered, after the losing party has been notified of its rendition and after that notice has been filed in the record. The *Castri-llón Case* cited by the plaintiff-appellee should be considered as limited by this decision. There the effect of the amendment of 1911 was not inquired into. The former jurisprudence. was simply applied. .

Now, the conclusion at which we have arrived does not mean that we hold that the entry of the judgment is unnecessary. Notwithstanding the amendment made in 1911 to section 227 of the Code of Civil Procedure by striking out the part relating to the entry of the judgment, sections 231 and 233 remained in the code and still have full force and effect. These sections clearly provide that the clerk of the district court must keep a book to be called the "judgment book" in which he must enter the judgments rendered by the court and that immediately after entering the judgment he must make up the judgment roll, including in it, among other papers, a copy of the judgment. And such is the importance of sending up to this court on appeal a copy of the judgment entered that if this is not done the appeal may be dismissed in accordance with the jurisprudence laid down by this court in the cases of *Olivari* v. *Succession of Ramos,* 20 P. R. R. 96; *Aponte* v. *Freiría et al.,* 20 P. R. R. 87; *Hernández* v. *Hernández et al.,* 19 P. R. R. 987; *López* v. *López,* 19 P. R. R. 990; *Allongo* v. *Belaval,* 19 P. R. R. 1022; *González* v. *Acha et al.,* 19 P. R. R. 1143, and others not affected by the amendment of 1911.

The date on which the judgment is entered is not of paramount importance for the purposes of the appeal. What is act-

ually required is that when the case is ultimately submitted to this court a copy of the judgment as entered shall be included - in the record, and that was done in this case. The appellee by his act has supplied the defect and now we have before us a copy of the judgment, not only as rendered but also as entered.

Hence, the appeal having been seasonably taken and there being in the record a copy of the judgment entered, there is no ground for dismissal of the appeal.

*Motion overruled.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.

CONCURRING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ.

In this case the appeal was taken from a judgment of the District Court of San Juan, Section 2, before the judgment had been entered and if this fact alone should be considered, without taking account of others which appear from the record, the appeal should be dismissed in accordance with the jurisprudence laid down by this court regarding premature appeals.

For the purposes of an appeal there is no judgment until it is entered. Section 231 of the Code of Civil Procedure orders that the clerk shall keep with the records of the court a book to be called the "judgment book" in which the judgments must be entered. Section 233 provides also that immediately after entering the judgment the clerk must attach together and file, among other documents mentioned, a copy of the judgment. Said section 233 does not prescribe that the original judgment shall be attached and filed, but only a copy of it, which shows clearly that there is no judgment but the original one entered in the judgment book. That being the case, the judgment of which notice must be given to the losing party, under Act No. 70 of 1911, is no

other than the one entered in the judgment book; therefore the time within which to appeal begins to run from the date of the notice of the judgment so entered. If the appeal is taken sooner it is premature. But the foregoing general rule does not affect a case like the present where the clerk of the court notified the appellant that judgment had been rendered and entered in the judgment book, for in view of that notice given by a public officer in an official document, the appellant acted in good faith in the belief that there was a docketed judgment. We know of no statute imposing upon the losing party the duty of examining personally the judgment book to ascertain the truth of the clerk's statement. Considering the notice given to the appellant by the clerk that judgment had been rendered and entered and considering also that there was actually a written judgment signed by the judge and the clerk and included in the record and that the copy of that judgment which appears in the transcript agrees with the copy of the docketed judgment which was attached to the motion for dismissal, it is reasonable and fair to conclude that the case at bar, by reason of its characteristics, does not come within the former jurisprudence of this court, and that the judgment should be considered as entered *nunc pro tunc,* or as of the date of the notice; therefore the appeal should not be dismissed as premature.