GANDÍA, DEMANDANTE Y APELADO, *v.* TRÍAS Y STUBBE,
DEMANDADOS Y APELANTE EL SEGUNDO.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en pleito sobre liquidación de sociedad
mercantil.

Moción solicitando la desestimación del recurso. ·

No. 2118.—Resuelto en marzo 9, 1920.

DESESTIMACIÓN DE APELACIÓN—TÉRMINO PARA APELAR.—Como el precepto del
artículo 295 del Código de Enjuiciamiento Civil según el cual el término para
apelar había de contarse a partir del registro de la sentencia, fué modificado
por la ley de 9 de marzo de 1911 en el sentido de que ese término empezará
a correr desde que se archive con los autos la notificación de la sentencia a
la parte perjudicada, no procede desestimar por prematura una apelación
establecida después de hecha y archivada con los autos tal notificación, aun
cuando no hubiera sido registrada la sentencia.

Los hechos están expresados en la opinión.
Abogados del apelante: *Sres. C. Coll Cuchí* y *G. Cruzado
Silva.*
Abogado del apelado: *Sr. José Guzmán Benítez.*
EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

El demandante y apelado presentó una moción solicitando
la desestimación del recurso de apelación interpuesto por
la parte demandada en este pleito, basándose en haberse es-
tablecido antes. de registrarse la sentencia apelada. A su
moción acompañó una certificación expedida por el Secreta-
rio de la Corte de Distrito de San Juan, Sección Segunda,
de la cual aparece que la sentencia de que se trata se dictó
en corte abierta el 16 de julio de 1919 y se registró a los
folios 155 y 156 del Libro de Sentencias No. 6 de la dicha
corte y sección, el 10 de febrero de 1920. Según los autos,
la apelación se interpuso el 16 de julio de 1919. El apelado
invoca en apoyo de sus pretensiones los artículos 227 y 295
del Código de Enjuiciamiento Civil y la jurisprudencia sen-
tada por esta corte en los casos de la *Compañía .de los Fe-
rrocarriles de Puerto Rico* v. *La Compañía Línea Férrea del*

*Oeste et al.,* 8 D. P. R. 427, y *Castrillón & Cía.* v. *Juez Municipal Sustituto,* 27 D. P. R. 906.

La parte demandada y apelante impugnó la moción de desestimación basándose en que interpuso el recurso después de habérsele notificado por el secretario de la corte que se había dictado y registrado la sentencia y en que el artículo 295 del Código de Enjuiciamiento Civil que prescribía que las sentencias eran apelables después de registradas, fué modificado por la ley de 9 de marzo de 1911, Compilación de 1911, página 902. A su impugnación acompañó el apelante un documento firmado por el Secretario de la Corte de Distrito de San Juan, Sección Segunda, por virtud del cual se le notificó que dicha corte había "dictado sentencia en este caso con fecha 16 de julio de 1919, que fué debidamente registrada en el libro correspondiente, según consta del *record* de este asunto, donde podrá usted enterarse detalladamente de los términos de dicha sentencia." En la transcripción elevada a esta Corte Suprema con motivo de la apelación, aparece incluída una sentencia que es igual a la registrada el 10 de febrero de 1920.

Al acto de la vista de la moción asistieron ambas partes por medio de sus abogados quienes informaron ampliamente al tribunal sosteniendo sus respectivas pretensiones.

Hasta aquí los autos y las partes. La cuestión envuelta ha sido estudiada y discutida por el tribunal y hemos llegado a la conclusión de que el recurso no debe ser desestimado. Expondremos las razones que existen para ello:

Hasta el año de 1911 estuvo vigente la ley (artículo 295 del Código de Enjuiciamiento Civil, No. 1º.), que fijaba la fecha para apelar, contándola a partir del registro de la sentencia (*entry of judgment*). Esa ley era igual a la de California y este tribunal adoptó la jurisprudencia sentada por la Corte Suprema de dicho Estado en relación con la desestimación de apelaciones prematuras, considerando como tales las interpuestas antes de registrarse la sentencia.

En 1911 el legislador puertorriqueño introdujo una mo-

dificación en el sistema. Volvió a la antigua práctica española de la notificación de las sentencias, y al redactar el estatuto no habló de sentencias registradas, sino simplemente de sentencias dictadas. Se expresó así:

"En todos los casos en que se pueda establecer el recurso de apelación * * * será deber del secretario de la corte enviar a la parte perjudicada, o a su abogado, *al dictarse la sentencia,* de la cual pueda establecerse el recurso de apelación, una notificación escrita informándole *que la sentencia ha sido dictada,* * * * y una copia de esa notificación será archivada con los autos, y *el término para establecer el recurso de apelación, empezará a correr* desde la fecha *del archivo de dicha notificación* con los autos," Leyes de 1911, p. 238. Las itálicas son nuestras.

Existe una clara distinción entre el acto de dictar o pronunciar una sentencia y el acto de registrar esa misma sentencia. A continuación citamos alguna jurisprudencia sobre el particular, que tomamos del tomo 3, página 2404 de la obra "Words and Phrases Judicially Defined."

"Existe una clara distinción entre lo que constituye el hacer o dictar una sentencia y el registro de la misma. La sentencia se hace o dicta cuando la corte la anuncia o firma la sentencia, práctica que es la corriente, y retorna la sentencia firmada al abogado, mientras que el registro de una sentencia constituye meramente una prueba de haberse dictado una sentencia y es un acto puramente ministerial. *Barthrop* v. *Tucker,* 70 Pac., 120, 121, 29 Wash. 666.

"El pronunciamiento de una sentencia y su registro son cosas diferentes y distintas una de la otra. Lo primero es el acto de la corte mientras que lo segundo es el acto del secretario de la corte. *Vigo County* v. *City of Terre Haute,* 46 N. E. 350, 351, 147 Ind., 134 (citándose el caso de *Smith* v. *State,* 71 Ind. 250; *Chamberlain* v. *City of Evansville,* 77 Ind. 542, 548 *et seq.; Chissom* v. *Barboul,* 100 Ind. 1; *Mayer* v. *Haggerty,* 138 Ind., 628, 38 N. E. 42).

"Registrar una sentencia es distinto a dictarla, siendo este último un acto judicial de la corte al pronunciar la sentencia de la ley basada en los hechos como han sido establecidos por las alegaciones y el veredicto. *Winstead* v. *Evans* (Tex.), 33 S. W. 580; *Marlin* v. *Pifer,* 96 Ind. 245, 248; *Parrott* v. *Kane,* 35 Pac. 243, 244, 14 Mont. 23."

Siendo esto así, es necesario reconocer que la jurisprudencia aceptada y aplicada por esta corte en relación con las apelaciones prematuras, quedó en parte afectada por la acción legislativa de 1911 a que nos hemos referido, no pudiendo sostenerse hoy que sea prematura y como tal deba desestimarse una apelación interpuesta después de haberse dictado la sentencia, notificado a la parte agraviada que la sentencia se había dictado y archivado la notificación con los autos. El caso de Castrillón a que se refiere la parte demandante y apelada, debe considerarse limitado por esta decisión. Allí no se investigó el efecto de la enmienda de 1911. Simplemente se hizo aplicación de la jurisprudencia anteriormente establecida.

Ahora bien, la conclusión a que hemos llegado no quiere decir que sostengamos que el registro de la sentencia sea innecesario. No obstante la modificación que se hizo al artículo 227 del Código de Enjuiciamiento Civil en 1911, eliminando de él la parte relativa al registro de la sentencia, quedaron en el código y están en todo su vigor los artículos 231 y 233, que claramente imponen al secretario de la corte de distrito el deber de llevar un libro que se titulará ''Libro de Sentencias'', el de registrar en él las sentencias que dicte la corte y el de formar, inmediatamente después de registrada la sentencia, el legajo de la sentencia, uniendo a él, entre otras actuaciones, una copia de la sentencia misma. Y es de tal importancia que la copia de la sentencia registrada se eleve a este tribunal en casos de apelación, que si así no se hiciere, podrá desestimarse el recurso de acuerdo con la jurisprudencia establecida por esta corte en los casos de *Olivari* v. *Sucesión Ramos,* 20 D. P. R. 103; *Aponte* v. *Freiría et al.,* 20 D. P. R. 93; *Hernández* v. *Hernández,* 19 D. P. R. 1041; *López* v. *López,* 19 D. P. R. 1043; *Allongo* v. *Belaval,* 19 D. P. R. 1079; *González* v. *Acha et al.,* 19 D. P. R. 1208, y otros, no afectados por la enmienda de 1911.

La fecha en que se verifica el registro no es de importancia decisiva, a los efectos de la interposición del recurso. Lo que se requiere ès que cuando el caso sea definitivamente sometido a esta Corte Suprema, la copia de la sentencia registrada forme parte de los autos. Y eso sucede aquí. La propia parte apelada ha suplido con su actuación el defecto que existía y hoy está ante nosotros la copia de la sentencia no sólo dictada, si que también registrada.

Habiéndose, pues, interpuesto la apelación en tiempo y figurando en los autos la copia de la sentencia registrada, no ha lugar a la desestimación del recurso.

*Sin lugar la desestimación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.

_____

OPINIÓN CONCURRENTE DEL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ.

En el presente caso fué interpuesto el recurso de apelación contra sentencia de la Corte de Distrito de San Juan, Sección Segunda, antes de que la sentencia fuera registráda; y considerado aisladamente ese hecho, sin tener en cuenta otros que constan en el récord, procedería la desestimación del recurso con sujeción a la jurisprudencia ya establecida por esta Corte Suprema sobre apelaciones prematuras.

La sentencia no existe para los efectos de la apelación hasta que se registra. El artículo 231 del Código de Enjuiciamiento Civil ordena que el secretario lleve con el protocolo de la corte un libro que se titulará "Libro de Sentencias," en el cual se registrarán éstas; y el artículo 233 ordena también que inmediatamente después de registrada la sentencia el secretario deberá unir y archivar, entre otras actuaciones que expresa, copia de la sentencia. Dicho artículo 233 no dispone que se una y archive la sentencia ori-

ginal sino una copia de ella, lo cual claramente demuestra que no hay más sentencia que la original registrada en el "Libro de Sentencias". Siendo ello así, la sentencia que se ha de notificar a la parte agraviada por ella, según dispone la Ley No. 70 de 1911, no es otra que la registrada en el "Libro de Sentencias" y por tanto, desde la notificación de esa sentencia, registrada, es que debe correr el término para apelar. Si se apela antes el recurso es prematuro. Pero la anterior doctrina aplicable por lo general, no afecta a un caso como el presente en que el secretario de la corte comunicó al apelante que había sido dictada sentencia que fué registrada en el "Libro de Sentencias", pues ante semejante manifestación hecha por un funcionario público en un documento oficial, la parte apelante actuó de buena fé, bajo la creencia de que había una sentencia registrada. No conocemos ningún precepto legal que impusiera a la parte agraviada el deber de examinar por sí misma el "Libro de Sentencias" para comprobar lo afirmado por el secretario. Atendida la notificación hecha por el secretario al apelante de que se había dictado sentencia que estaba registrada y teniendo en cuenta además que había realmente una sentencia escrita, firmada por el juez y. el secretario la cual se llevó a los autos y que la copia de esa sentencia tal como figura en la transcripción está conforme con la copia de la sentencia registrada, acompañada a la moción de desestimación, es razonable y justo concluir que el presente caso por los caracteres que presenta, no cabe dentro de la anterior jurisprudencia de esta corte y que debiendo entenderse la sentencia registrada *nunc pro tunc*, o sea en la propia fecha en que fué notificada, no procede desestimar el recurso por haberse interpuesto prematuramente.