STATE EX REL. MOSHNER, RESPONDENT, *v.* WRIGHT, APPELLANT.

(No. 1,427.)

(Submitted March 10, 1902.   Decided June 9, 1902.)

*Mandamus—County Clerk—Alias Order of Sale.*

*Mandamus* was not the proper remedy to compel the clerk of the district court to issue an alias order of sale of property under a foreclosure lien, as there was an adequate remedy at law, by motion in the case in  the court in which the decree of foreclosure was rendered.

*Appeal from District Court, Fergus County; Dudley Du Bose, Judge.*

*Mandamus* by the state, on relation of Frank Moshner, against Edmund Wright, clerk of the district court of Fergus county.   From a judgment for relator, defendant appeals. Reversed.

*Mr. Wm. M. Blackford, Messrs. Stranahan & Stranahan,* and *Messrs. Clayberg & Gunn,* for Appellant.

The duty of the clerk to issue the alias is not clear; nor is it an act which the law specially enjoins upon him, hence the writ of mandate is not the proper remedy.   (Code of Civil Procedure, Secs. 2136, 1290, 1961.)   That there are other plain, speedy and adequate remedies there can be no doubt.

The court has absolute control over its process and may adopt any process which may appear most conformable to the spirit of the Code. (Code of Civil Procedure, Secs. 205, 110; *Houston* v. *Williams,* 13 Cal. 24; Freeman on Executions, Sec. 54; *Clark* v. *Sawyer,* 48 Cal. 133.) The writ of mandate will not lie to compel the clerk to issue an execution. (*Miller* v. *Sanderson,* 10 Cal. 490; *Goodwin* v. *Glazer,* 10 Cal. 333; *Fulton* v. *Hanna,* 40 Cal. 281; Code of Civil Procedure, Sec. 1214; *People* v. *Bartlett,* 40 Cal. 142; *Southern Cal. Lumber Co.* v. *Hotel Co.,* 94 Cal. 217; *Wigginton* v. *Markley,* 52 Cal. 411; *People* v. *McLane,* 62 Cal. 616; *State ex rel. Sloman* v. *Moores,* 29 Neb. 122; *Pickell* v. *Owen,* 66 Iowa, 485.) *Mandamus* does not lie to compel a public officer to do an act not clearly commanded by law. (*Pucket* v. *White,* 22 Texas, 559; *State* v. *County Judge,* 7 Clarke (Iowa), 425; *Commonwealth* v. *Pittsburg,* 34 Pa. St. 496.)

If it is contended that the order of sale is now *functus officio,* and the criticism comes too late because of the sheriff's return, the answer is ready: "The power of courts to set aside or cancel the returns of their officers indorsed on writs of execution is conceded." (Freeman on Executions, Sec. 361; *Tutt* v. *Fulgham,* 5 How. Miss. 621; *Holt* v. *Robinson,* 21 Ala. 106; *Scott* v. *Allen,* 1 Tex. 508; *Bryan* v. *Bridges,* 6 Tex. 141; Wiltsie on Mortgage Foreclosure, p. 568; *Kelley* v. *Israel,* 11 Paige Ch. 147.)

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal from an order granting a writ of mandate. A decree of foreclosure of liens, and an order of sale under the decree, were, respectively, made and issued in a number of actions which had been consolidated. The order of sale, directing several pieces of property to be sold, was placed in the hands of the sheriff, which officer sold all but one certain piece of property. The order of sale was returned by the sheriff with a certificate that all of the property was sold, excepting

one piece, upon which there was a certain lien. About three years later the relator demanded of the clerk of the district court that an alias order of sale be issued out of his office, directing the sheriff to sell the certain piece of property to satisfy the lien upon it. The clerk refused, and the relator prayed for a writ of mandate to issue out of the district court, directed to the clerk, ordering him to issue the alias order of sale. The clerk demurred to the petition for the writ. The demurrer was overruled, and, upon his failure to answer, the district court granted the writ, whereupon the clerk appealed.

The specification of errors relied upon are: First, that the court erred in overruling the defendant's demurrer to the petition for the writ; and, second, that the court erred in granting the writ of mandate.

The only question necessary for us to consider is one of practice, to-wit, is the writ of mandate the proper remedy? There has not been any appearance on the part of the respondent in this court. The question before us has not been presented in this forum heretofore, but has been considered and decided by other courts. We have carefully considered the brief of the appellant, and the authorities which he has cited in support of his contention; and, besides, we have examined the decisions and opinions *contra.*

Had the respondent a plain, speedy, and adequate remedy at law, without resorting to a proceeding in *mandamus?* We think that he had. He could have gone into the court which made the decree, and, by proper motion, prayed for an order in the case upon the clerk of the court, directing him to issue the alias order of sale, without resorting to a proceeding in *mandamus.* (*Fulton* v. *Hanna,* 40 Cal. 278.) The case of *Garoulte* v. *Haley,* 104 Cal. 497, 38 Pac. 194, is one in which the court concluded that it was the duty of the clerk to issue an execution when requested by the plaintiff, and granted the application for a writ of *mandamus.* In this case, however, the question of whether or not *mandamus* would lie was not in any wise raised or discussed; it seeming to have been tacitly

admitted by counsel that, if the judgment were still in force, *mandamus* might issue; and the case cannot be considered as being one in which the court intended to overrule its former holding that *mandamus* would not lie, as decided in *Fulton* v. *Hanna, supra.*

Being of the opinion, that, as above stated, there was a plain, speedy and adequate remedy by motion in the case in the proper court, *mandamus* was not the proper remedy. Therefore the contention of the appellant must be, and is, sustained. Reversed and remanded.

*Reversed and remanded.*