McDONALD, RESPONDENT, v. KLENZE, APPELLANT.

(No. 3,614.)

(Submitted February 17, 1916. Decided March 9, 1916.)

[157 Pac. 175.]

*Promissory Notes — Evidence — Admissibility — Compromise — Fraud—Pleadings—Conclusions—Verdicts—Responsiveness to Issues.*

Promissory Notes—Verdict—Responsiveness to Issues.
    1. In an action to recover on two promissory notes, the defense to one of which was payment, and want of consideration as to the other, a general verdict in a lump sum, *held* to have been responsive to both issues.

Same—Verdict—Finding in Favor of Appellant—Right to Complain.
    2. Where the jury in an action on promissory notes awarded plaintiff much less than they might have done, defendant was not in a position to complain that under the pleadings and evidence plaintiff should either have recovered the whole amount sued for or nothing, and hence that the verdict must have been reached by a compromise and should not be allowed to stand.

(142)

**Same—Fraud—Pleadings—Conclusions.**
    3.  An allegation in answer to the complaint in an action on a promissory note that its date had been fraudulently changed by plaintiff was a mere conclusion, and insufficient to tender issue as to an intentional, material alteration precluding recovery under section 5069, Revised Codes.

**Same—Mistake in Execution—Evidence—Admissibility.**
    4.  Evidence by plaintiff that a note sued on was inadvertently dated "1904" instead of "1905" because, it being at the beginning of the new year, he had not yet become accustomed to writing the new date, was admissible, where the answer was insufficient to tender issue as to an intentional material alteration by plaintiff.

**Same—Compromise—Tender of Payment—Evidence—Admissibility.**
    5.  It is not error to admit evidence, in a suit on a note, that defendant offered, after suit was brought, to pay same by transfer of stocks and bonds, where it was not clear whether the offer was intended as a compromise or tender of payment, and the court instructed the jury to determine what defendant's purpose was in making the offer, and directed them to disregard the evidence if they reached the conclusion that the offer was intended as a compromise by defendant for the purpose of buying his peace.

    [As to effect of tendering payment as satisfaction, see note in 100 Am. St. Rep. 453.]

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

Action by Alex McDonald against H. G. Klenze. From a judgment for plaintiff, defendant appeals. Affirmed.

*Messrs. Maury, Templeman & Davies,* for Appellant, submitted a brief; *Mr. H. L. Maury* argued the cause orally.

*Mr. J. L. Wines* and *Mr. T. J. Harrington* for Respondent, submitted a brief; *Mr. Wines* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action to recover the principal sums and interest alleged to be due on two promissory notes executed to the plaintiff by the defendant. The first note is for the sum of $500. It bears date January 4, 1904, and is payable one month after date, with interest at the rate of two per cent per month, payable monthly until the principal sum is paid. It stipulates for an attorney fee to be included in the cost of collection. The second

is for the sum of $800, dated May 7, 1904, and payable at or before the expiration of two years thereafter, with interest at the rate of one per cent per month, payable quarterly. The complaint contains a count on each note in the ordinary form. It alleges that neither the principal sums, nor any part thereof, nor any interest, has been paid on either of the notes. The answer to the first count admits the execution of the note. It alleges that it was in fact executed on January 4, 1905; that it should bear that date, "and that the date thereof has been fraudulently changed by the plaintiff." As a second defense it is alleged that the principal and interest were fully paid on January 17, 1906, before the commencement of this action. To the second count the defense is that there never was any consideration for the note declared on therein, for that the same was delivered to one John R. Davenport, an agent for the plaintiff, upon the promise of Davenport that he would obtain for the defendant thereon the sum of $800; that Davenport failed to obtain this or any other sum; that he never returned the note to defendant; and that thereafter he represented to the defendant that he had destroyed it and therefore could not return it. The reply omits reference to the alleged change of date in the first note, but denies all the other material allegations in the answer. The plaintiff had a general verdict for $2,000, and judgment was entered accordingly. Defendant's motion for a new trial having been denied, he appealed from the judgment only.

The first contention made by counsel is that the judgment should be reversed because the verdict does not respond to all the issues made by the pleadings, and because, in the light of the evidence, it is the result of a compromise. A verdict may be general or special. The former is a pronouncement by the jury generally upon all the issues in favor of one of the parties, so that a judgment follows as of course in conformity with it. By the latter, the jury finds the facts only. The duty to render the proper judgment then devolves upon the court. (Rev. Codes, sec. 6757.) Under section 6758 the court may submit

special findings, but need not do so if in its opinion a general verdict will meet the requirements of the case.

The amount claimed by the plaintiff is the principal sum and [1] interest on both notes. The ultimate question which the jury were required to answer was, How much of this gross sum, if any, was due? Their answer was $2,000. Necessarily this pronouncement determined the two subordinate inquiries, *viz.*, whether the first note had been paid, and whether the second was supported by a consideration. Hence the verdict was a direct response to the issues involved. Counsel insist, however, that in view of the defenses interposed by the defendant, and [2] the evidence, the plaintiff ought either to have recovered the whole amount demanded or nothing; and hence that the verdict must have been the result of a compromise, and for this reason may not be allowed to stand. There is nothing in the record which explains definitely what prompted the jury to find as they did. It does appear, however, that the notes were executed for money borrowed by defendant from plaintiff through Davenport, who acted as agent for plaintiff in making loans for him. Davenport had full authority to act for the plaintiff, both in making the loans and in accepting repayment of them. Plaintiff had no personal knowledge of the transactions resulting in the execution of the notes. During the years 1903 and 1904 Davenport and defendant had been engaged in mining in Madison county, and the money represented by the notes was used in this enterprise. Davenport for some purpose paid the interest, or portions of it, from time to time as it fell due. What was the amount of these payments does not appear, beyond the indefinite statement by Davenport that he had paid the interest for four or five years. The evidence is exceedingly conflicting touching the dealings between Davenport and the defendant, particularly upon the question whether the first note had been paid as alleged in the answer, and whether defendant had been advanced any amount on the second. It would not serve any useful purpose to epitomize the evidence or discuss it. It is sufficient to say that if the jury had accepted the testimony

of the defendant, the verdict should have been in favor of the plaintiff for a small balance only of the first note; for, upon defendant's own admission, the payment claimed to have been made on that note was $400 only. Having accepted Davenport's testimony, they necessarily resolved the issues of payment and want of consideration both in favor of the plaintiff, as is made evident from the amount found due. That they fixed $2,000 as the amount is to be explained either upon the theory that they arbitrarily disallowed the interest in part because they thought the rate exorbitant, or else because they concluded that a large part of the interest had been paid by Davenport. However this was, the jury having found the issues for the plaintiff and made their award at a much less amount than they otherwise might, the result did not prejudice the defendant. If the plaintiff is willing to accept it, the defendant ought not to be heard to complain, because the advantage is *pro tanto* his. It is not infrequently the case that juries return such verdicts as we have here. If the party who suffers is willing to abide their action without complaint, the complaint of the other party that there has been a mistrial ought not to be heard with indulgence.

Before the first note was offered in evidence, Davenport was [3, 4] permitted to testify, over objection by defendant, that in writing the note at the time it was executed he inadvertently wrote "1904" instead of "1905," because, it being at the beginning of the new year, he had not yet become accustomed to writing the new date. This was all the evidence on the subject. The ruling is assigned as error. We think it was correct, for the reason that the allegation in the answer on this subject is a mere conclusion, and insufficient to tender issue as to an intentional, material alteration by plaintiff, precluding recovery under the statute. (Rev. Codes, sec. 5069.)

Plaintiff was permitted, over objection, to show that after this action was brought, defendant offered to pay both notes, by [5] transferring to him, through Davenport, certain stocks and bonds. The evidence did not make it clear whether the offer was intended as a compromise of plaintiff's claim, or was

a tender of payment in that form without condition. The court instructed the jury to determine what defendant's purpose was in making the offer, and directed them to disregard the evidence if they reached the conclusion that the offer was intended as a compromise by defendant for the purpose of buying his peace. This was proper.

We have examined the several other contentions made by, counsel, but find no merit in any of them. The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

Rehearing denied May 3, 1916.