STATE EX REL. ANDERSON, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 4,439.)

(Submitted September 8, 1919.  Decided September 22, 1919.)

[184 Pac. 218.]

*Mandamus—Entry of Judgment — District Judges — Clerk of District Court.*

Judgments—Entry—Ministerial Duty of Clerk.
   1.   The entering of judgment, after rendition thereof, in the appropriate book provided by law, is the ministerial act of the clerk.
*Mandamus*—Entry of Judgment—Duty of Clerk.
   2.   *Mandamus* does not lie to compel a district judge to enter a judgment, the duty of making entry being cast upon the clerk by subdivision 3 of section 3048, Revised Codes.
      [As for necessity for entry of judgment, before it can be received in evidence in support of a proceeding taken under it, see note in 129 Am. St. Rep. 745.]

Original proceeding in *mandamus* by the State, on the relation of Albert Anderson, against the District Court of the Seventh Judicial District in and for the County of Dawson and C. C. Hurley, Judge thereof.  Dismissed.

*Mr. S. C. Ford,* Attorney General, *Mr. Albert Anderson* and *Mr. W. D. Gillis,* of the Bar of the State of Washington, for Relator, submitted a brief; *Mr. Frank Woody,* Assistant Attorney General, argued the cause orally.

*Messrs. Walsh, Nolan & Scalton, Mr. Henri J. Haskell,* and *Mr. D. J. O'Neil,* for Respondents, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

This action is the outgrowth of proceedings had in the district court of the seventh judicial district, in and for Dawson county, entitled "*The State of Montana ex rel. Albert Ander-*

*son* v. *Frank Oliver and Certain Intoxicating Liquors*" (No. 3526). The cause came on regularly for trial on May 3 before the court sitting without a jury. At the close of the trial the case was dismissed, and the following entry recorded in the minutes of the court: "At this time, through his attorney, D. J. O'Neil, defendant moved the court to dismiss the action. Court now grants motion to dismiss the action, and ordered sheriff to return all of the liquors and property seized and taken by undersheriff of Dawson county."

In his petition relator avers—and it is not denied by respondents in their answer—that on June 16 he presented for signature and entry by the trial judge a proposed judgment together with the following motion: "Comes now the above-named plaintiff and moves the court that the defendant herein be required to enter, and the court to sign and enter, the judgment ordered herein on the third day of May, 1919 (a copy of the proposed judgment to be entered being attached hereto); that the purpose and object of the entry of said judgment is to permit the completion of the judgment-roll herein, and to permit plaintiffs to perfect their appeal herein; that defendants refuse and neglect to have said judgment entered." The motion was denied. Thereafter, on the twenty-eighth day of June, application, on the petition filed herein, was made to this court, praying that an alternative writ of mandate be issued out of this court directed to Honorable C. C. Hurley, "commanding him, as such judge, to forthwith make, sign and enter a judgment" in cause No. 3526, or "show cause why he had not done so." The alternative writ was granted, and the cause is before us on the merits.

But one question is now presented for our consideration, namely: Is the writ properly directed? The motion of defendant, made at the close of the trial, for a dismissal of the action, was granted by the court, and the order thus made recorded in its minutes. What judicial duty, then, had the court not performed? Its order of dismissal put an end to the case and constituted the rendition of the judgment. (*Holter Lumber*

*Co.* v. *Fireman's F. Ins. Co.*, 18 Mont. 282, 286, 45 Pac. 207; 1 Black on Judgments, sec. 21.)  Nothing further remained to be done, but the ministerial act of entering the judgment in the appropriate book provided by law; and, by subdivision 3 of section 3048 of the Revised Codes, that duty is imposed upon the clerk.  "Rendering judgment is the judicial act of the **[1]** court.  Entering it is the ministerial act of the clerk." *Parrott* v. *Kane,* 14 Mont. 23, 27, 35 Pac. 243, 244; *State ex rel. Dolenty* v. *District Court,* 42 Mont. 170, 173, 111 Pac. 731; 15 R. C. L., sec. 11, p. 578; 23 Cyc. 835).  The judgment of the court is its pronouncement on the issue submitted, the record being merely historical and evidentiary.  (*Montgomery* v. *Viers,* 130 Ky. 694, 114 S. W. 251.)  After the rendition of a judgment by the court and its entry in the minutes thereof, in the absence of a statutory command to that effect, a judge is not required to affix his signature to a judgment.  It is, however, the clear duty of the clerk to enter judgment in the manner prescribed by law.  Upon the failure of the clerk to do so, application should have been made, in cause No. 3526, to the district court for an order requiring him to perform this ministerial duty. (*State ex rel. Dempsey* v. *District Court,* 24 Mont. 566, 63 Pac. 389; *State ex rel. Moshner* v. *Wright,* 26 Mont. 540, 91 Am. St. Rep. 421, 69 Pac. 101.)

In the case of *State ex rel. Dolenty* v. *District Court, supra,* substantially the same point here involved was decided.  The trial court having refused to have a judgment entered, proceedings in *mandamus* were instituted in this court to compel it to do so.  Mr. Justice Holloway, speaking for the court, said: "The duty of making such entry is imposed by the statute upon the clerk of the district court, and not upon the court or judge.  There is not anything in this record to show that the clerk has ever refused to act in compliance with relator's views.  But, however that may be, we cannot by *mandamus* **[2]** compel the district court, or its judge to perform an act, the performance of which is imposed by law upon another officer, and not upon the court or judge."

The alternative writ heretofore issued is therefore quashed and the proceeding dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES. HOLLOWAY and PATTEN concur.

MR. JUSTICE HURLY did not hear the argument and takes no part in the foregoing decision.