McINTYRE, APPELLANT, v. NORTHERN PACIFIC RAIL-
WAY CO. ET AL., RESPONDENTS.

(No. 4,160.)

(Submitted June 2, 1920.   Decided July 6, 1920.)

[191 Pac. 1065.]

*Railroads—City Yards—Personal Injuries—Duty Owing to
Trespassers — Directed Verdict —Evidence—Insufficiency—
Judgments — Rendition and Entry — Power of District
Judges.*

Personal Injuries—Railroads—City Yards—Duty Owing to Trespassers.
  1.  To a trespasser using a railway company's city yards for the
  purpose of crossing the tracks at a place not customarily used by
  those living in the vicinity or by the public as a crossing by acqui-
  escence of the company, it owes no duty other than to avoid injury
  to him after his presence and peril have actually been discovered.

Same—Submission of Case to Jury—Scintilla of Evidence Insufficient.
  2.  To justify the submission of a personal injury case to the judg-
  ment of a jury, something more than a mere scintilla of evidence to
  sustain plaintiff's claim is required.

District Judges—Powers at Chambers.
  3.  After trial of a cause in a district other than his own, a judge
  cannot, upon return to his own district, render judgment therein or
  make any orders other than such as are authorized by statute or agreed
  to by the parties.

Same.
  4.  A judge at chambers in his own district cannot do anything in
  relation to cases pending there, other than what the statute
  authorizes.

Judgments—Must be Rendered in Open Court.
  5.  The rendition of a judgment is a judicial act which, to be
  valid, must be done in open court.

Same—Rendition of Judgment—What Constitutes—Signature by Judge
  not Necessary.
  6.  Under section 6800, Revised Codes, the ministerial act of the
  clerk of the district court of recording a general verdict constitutes
  the rendition of judgment, the drawing of a formal judgment and
  signing thereof by the judge not being essential to its validity.

Same—Special Verdicts—Special Findings.
  7.  Where in an action at law the court directs the jury to return
  a special verdict or special findings, it is its duty to render the
  proper judgment in open court, the announcement of its decision and
  the entry of it in the minutes constituting the rendition of the
  judgment.

Same—Equity Cases—What Constitutes Judgment.
  8.  In equity cases, if the decision of the court is general or the
  findings are not accompanied by conclusions of law embodying
  specific directions as to the adjustment of the rights of the parties,
  the clerk cannot enter judgment until its terms have been finally

fixed by the court, after which its entry, in conformity with such directions, constitutes the judgment of the court, though not signed by the judge.

Same—Signing of Judgment in District Other Than That in Which Trial Had—Effect.

9. Since, under the rules above, the drawing of a formal judgment in an action to recover damages for death caused by negligence in which the trial judge directed a verdict for defendants, and signing thereof by the judge, were not essential to the validity of the judgment, after entry by the clerk, the fact that he did sign it at chambers in his own district, whereas the action was brought and the trial had in another district, did not render the judgment void.

(MR. JUSTICE COOPER dissenting.)

*Appeal from District Court, Silver Bow County, in the Second Judicial District; Theodore Lentz, a Judge of the Fourth District, presiding.*

ACTION by Muriel McIntyre against the Northern Pacific Railway Company, William T. Finnegan and others. From a judgment in favor of the defendants named; and an order denying a new trial, plaintiff appeals. Affirmed.

*Mr. N. A. Rotering,* for Appellant, submitted a brief and argued the cause orally.

There were two contested questions before the trial court:

(a) As to whether or not Engineer Lawrence, or any of the defendants, saw the child standing upon the railway company's right of way in time sufficient in which he, or they, in the exercise of ordinary care, could have brought the engine to a stop without injuring the child; in other words, whether or not the last clear chance doctrine applies. If the evidence was conflicting in any particular, as we contend, that was a question for submission to the jury and not a question of law for the court. (*Adams* v. *Coon,* 36 Okl. 644, 44 L. R. A. (n. s.) 624, 129 Pac. 851; *Chickasha Inv. Co.* v. *Phillips* (Okl.), 161 Pac. 223, 224; *Lane* v. *Choctaw, O. & G. Ry. Co.,* 19 Okl. 324, 91 Pac. 883; *Taylor* v. *Insurance Co. of North America,* 25 Okl. 92, 138 Am. St. Rep. 906, 105 Pac. 354; *Midland Sav. & L. Co.* v. *Sutton,* 30 Okl. 448, 120 Pac. 1007; *Gamble* v. *Riley,* 39 Okl. 363, 135 Pac. 390; *Mod-*

*ern Brotherhood of America* v. *Beshara,* 42 Okl. 684, 142 Pac. 1014; *Schlegel* v. *Fuller,* 48 Okl. 134, 149 Pac. 1118.) The case made by the plaintiff was stronger than was plaintiff's case in *Doichinoff* v. *Chicago, M. & St. P. Ry. Co.,* 51 Mont. 582, 154 Pac. 924.

(b) As to whether or not the evidence conclusively shows that the plaintiff was guilty of contributory negligence in allowing the boy to leave her home and go to the passenger depot on December 10, 1915. The boy was ten years old. The plaintiff was a widow, doing whatever work she was able to obtain. Cooking, housework and anything else to be done in private families, usually constituted her occupation. That she was not guilty of contributory negligence, see *Dahl* v. *Milwaukee City Ry. Co.,* 62 Wis. 652, 22 N. W. 755, 756; *Cameron* v. *Duluth-Superior Traction Co.,* 94 Minn. 104, 102 N. W. 208; *Quinn* v. *City of Pittsburgh,* 243 Pa. 521, 90 Atl. 353; *Pennsylvania Ry. Co.* v. *Brooks,* 2 Walk. (Pa.) 122; *Riley* v. *Salt Lake Rapid Transit Co.,* 10 Utah, 428, 37 Pac. 681; *Grant* v. *Bangor. Ry. & Electric Co.,* 109 Me. 133, 83 Atl. 121, 123. In the last preceding case there was a recovery for injuries sustained by a child five years and three months old. (See, also, *Harrington* v. *Butte etc. Ry. Co.,* 39 Mont. 299, 102 Pac. 330.)

The first ground of the motion for an order directing a verdict in favor of defendants states that the complaint fails to state a cause of action. We say that the complaint does state a cause of action. It is sufficient under the Montana cases. (*Melzner* v. *Northern Pacific Ry. Co.,* 46 Mont. 182, 127 Pac. 146; *Doichinoff* v. *Chicago, M. & St. P. Ry. Co., supra.*) In addition to these questions one other presents itself to this court, *viz.,* whether or not, when, as here, a case is tried by a substitute judge, that judge can sign, give, grant and render a judgment in the case when he is no longer within the judicial district in which he tried the case to a verdict, there being no stipulation of the parties with reference thereto. We contend he cannot. (*In re Harmer,* 47 Kan. 262, 27 Pac.

1004; *Atlantic Coast Line R. Co.* v. *Moise,* 85 S. C. 530, 67 S. E. 785, 786; *Badham* v. *Brabham,* 54 S. C. 400, 32 S. E. 444; *People ex rel. Board etc.* v. *Hebel,* 19 Colo. App. 523, 76 Pac. 550; *Hodgin* v. *Whitcomb,* 51 Neb. 617, 1 N. W. 314; *Dalton* v. *Libby,* 9 Nev. 192; *Conover* v. *Wright,* 3 Neb. (Unof.) 211, 91 N. W. 545; *State ex rel. Mannix* v. *District Court,* 51 Mont. 310, 152 Pac. 753, 23 Cyc. 550, 677.)

*Messrs. Gunn, Rasch & Hall* and *Messrs. Walker & Walker,* for Respondents, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

There is no substantial evidence to prove that the switch crew saw the boy in a position of peril and thereafter wantonly and willfully ran over him. Plaintiff failed to prove what is necessary, under the rule announced by this court in the case of *Dahmer* v. *Northern Pacific Ry. Co.,* 48 Mont. 152, 136 Pac. 1059, 142 Pac. 209.

Counsel for plaintiff quote from the case of *Doichinoff* v. *Chicago, M. & St. P. Ry. Co.,* 51 Mont. 582, 154 Pac. 924. One of the vital and necessary conditions mentioned in the quotation from that case is "that the view from the locomotive was entirely unobstructed." That is the circumstance not found in this case. On the other hand, it stands undisputed that a large and complete obstruction of one's view for a distance of over one hundred feet west of the tender did exist here.

The court, under the rule announced in *Escallier* v. *Great Northern Ry. Co.,* 46 Mont. 238, Ann. Cas. 1914B, 468, 127 Pac. 458, was warranted in directing a verdict for defendants.

In *Bean* v. *Missoula Lumber Co.,* 40 Mont. 31, 104 Pac. 869, the court said: "But when the evidence is clear and satisfactory, and of such character that, if it should be submitted to the jury and a verdict be rendered contrary to it, the court would be required to set the verdict aside, then the court may direct a verdict." The evidence in this case was in such condition that it would have been the duty of the court to set aside a

verdict for plaintiff if one had been so rendered by the jury, and, therefore, under the above authorities it was his duty to direct a verdict.

The evidence for the plaintiff in the *Dahmer Case* and the *Escallier Case* was stronger and entitled to more credit than that of the plaintiff in this case, and the court held a directed verdict should have been granted in the former and sustained a nonsuit in the latter. That a directed verdict was proper under the facts disclosed and the positive evidence of the switch crew that they did not see the child in a perilous situation, see, also, *Palmer* v. *Oregon Short Line Ry. Co.,* 34 Utah, 466, 16 Ann. Cas. 229, and note, 98 Pac. 689; *Dorsey's Admx.* v. *Louisville & N. R. Co.,* 26 Ky. Law Rep. 232, 80 S. W. 1131.

One of the defendant's grounds for a directed verdict was that the plaintiff was guilty of contributory negligence in allowing the boy to go into the yards of the defendant. Counsel for plaintiff quotes extracts from the evidence as to the care and precaution plaintiff took with her boy. It is immaterial what general care she may have taken or what general instructions she may have given him, if, on this occasion, she knowingly permitted him to go alone into a known place of danger.

This case is distinguishable from cases like that disclosed by the evidence at the second trial of *Harrington* v. *Butte etc. Ry. Co.,* 39 Mont. 299, 102 Pac. 330, where the court said the evidence showed that the parent had cautioned the child and exercised due care over it, and where the child in spite of such precautions and without the parent's knowledge or permission thereafter went into a place of danger. This distinction is shown in the cases cited in the note to *Harrington* v. *Butte etc. Ry. Co.,* 16 L. R. A. (n. s.) 395. The case of *Vinnette* v. *Northern Pacific Ry. Co.,* 47 Wash. 320, 18 L. R. A. (n. s.) 328, and note, 91 Pac. 975, is squarely in point. (See, also, *Conway* v. *Monidah Trust,* 52 Mont. 244, 157 Pac. 178.)

If the matter of signing the judgment by Judge Lentz at Missoula was an irregularity, which we deny, it was not an irregularity in the proceedings of the court, jury or adverse party, or an order of the court, which prevented plaintiff "from having a fair trial." It has nothing to do with the fairness of the trial, and, therefore, it cannot be raised under subdivision 1 of section 6794, Revised Codes, and it certainly is not covered by any other provision found therein. (Hayne on New Trial & Appeal (Rev. ed.), secs. 1, 24–26 *et seq.*

The minutes of the court of Silver Bow county show that the case was decided and judgment rendered by Judge Lentz in that county by granting defendants' motion for a directed verdict, and the verdict rendered is incorporated in such minute entry. This was a final determination of the rights of the parties in the action, as defined in section 6710, Revised Codes. The entry or signing of a formal judgment, based on such verdict, was a ministerial act of the court. (*Parrott* v. *Kane,* 14 Mont. 23, 35 Pac. 243; *State ex rel. Dolenty* v. *District Court,* 42 Mont. 170, 111 Pac. 731.) Judgment is entered by the clerk in cases tried by a jury. (Sec. 6800, Rev. Codes.) The custom of drawing a formal judgment and having it signed by the judge is simply a matter of practice, but it is not required by any statute. The signature of the judge is not essential. (*State ex rel. Dolenty* v. *Reece,* 43 Mont. 291, 115 Pac. 681; *Crim* v. *Kessing,* 89 Cal. 478, 23 Am. St. Rep. 491, 26 Pac. 1074; *Broder* v. *Conklin,* 98 Cal. 360, 33 Pac. 211; *In re Cook,* 77 Cal. 220, 11 Am. St. Rep. 267, 1 L. R. A. 567, 17 Pac. 923, 19 Pac. 431; *City and County of San Francisco* v. *Brown,* 153 Cal. 644, 96 Pac. 281; Spelling on New Trial & Appellate Practice, sec. 485.)

We find nothing in the case of *State ex rel. Mannix* v. *District Court,* 51 Mont. 310, 152 Pac. 753, cited by appellant, or in *Eustance* v. *Francis,* 52 Mont. 295, 296, 157 Pac. 573, which indicates that a judge who had gone into another district and there heard and decided a case could not legally sign a formal judgment upon his return home, the same as

a judge who had tried a case in his own district would sign it in chambers when presented by counsel, which is the daily practice throughout the state. As we interpret these two cases, this would be one of the things they hold that a judge could do upon returning to his own district after he has acquired jurisdiction of and actually tried and finally determined the case in the county to which he had been called.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In this action the plaintiff seeks to recover damages for the loss she sustained by reason of the death of her son, Freddie Lautwe, which is alleged to have been caused by negligence in the operation of a switch-engine of the railway company by its employees in its yard at Butte. Defendants Lawrence and Williams, respectively the engineer and fireman in charge of the engine, were not served with summons, and therefore were not parties to the trial. At the conclusion of the evidence the court, on motion of the railway company and defendant Finnegan, directed a verdict in their favor. Plaintiff has appealed from the judgment entered thereon, and from an order denying her a new trial. Counsel contend that the court erred in withdrawing the case from the jury.

*McIntyre* v. *Northern Pacific Ry. Co.,* 56 Mont. 43, 180 Pac. 971, was an action by the plaintiff herein as administratrix of her son, to recover damages for the benefit of his estate. The complaint in that case was drawn, and the trial was had upon the theory that recovery could be had, if at all, under the rule of the last clear chance. The complaint in this case is identical with that in the other, and the trial was had upon the same theory. The plaintiff undertook to establish her right to recover in this case, by evidence which was the same in all substantial particulars as that introduced by her in the other case, with this exception: At the trial in the other case she testified that she was present in the yard at the time of the accident and witnessed it. She pointed out

the place where she was standing. She also pointed out where her son was standing on the track when the engineer started to move the engine toward him, giving the distance before it reached him and ran him down. At the trial of this case she changed her testimony as given on the other trial, by putting herself at a point where she was much nearer the engine when it began to move, and fixing the point at which her son stood much farther from the engine, thus bringing herself relatively nearer to the engineer, in order to increase by her testimony the probability that the engineer saw her son in ample time to stop the engine before it reached him. She explained this change in her testimony by saying that at the other trial she had not measured these distances, but had only estimated them, whereas after the trial she had procured the services of a competent engineer and had them accurately measured. Reference to the epitome and analysis of the evidence made in the opinion in the other case will make it clear that the change in her testimony did not add materially to the evidentiary value of her narrative as then made. The discussion in that opinion fully covers and disposes of every phase of the evidence in this, under the rules of law applicable, and we are satisfied with the result reached. It is conclusive of this case.

It may be added that the defendants introduced several witnesses whose testimony was not introduced at the trial of the other case. Their testimony strongly impeached that of the plaintiff, in that it tended to show that she was not at the point where she said she was standing at the time of the accident, and that she was either mistaken in important particulars of her narrative, or that her statement that she was present in the yard and witnessed the accident was a fabrication. Conceding for the moment that her statement furnished the basis for an inference that the engineer actually saw the boy, in view of the change in her testimony, the positive statement of the engineer that he did not see the boy and the undisputed evidence, positive and circumstantial, of

other witnesses introduced by the defendants, impeaching her testimony throughout, as pointed out in the opinion in the other case, the evidence as a whole was insufficient to justify a recovery.

If the pleadings had been formulated on the theory that because of the situation of the yard and customary [1] use of it by those who lived in the vicinity and other members of the public by acquiescence of the railway company, its duty to take knowledge of their probable presence and to keep a lookout for them during the movement of its train would have been made apparent, and a different case would have been presented. The evidence might then have made a case calling for the judgment of the jury. The rules by which cases of that character are determined have no application here. In that class of cases it is the duty of the company to keep a lookout in order to avoid injury to persons who may be in the way of its trains. (*Dahmer* v. *Northern Pac. Ry. Co.*, 48 Mont. 152, 136 Pac. 1059, 142 Pac. 209; *Mullery* v. *Great Northern Ry. Co.*, 50 Mont. 408, 148 Pac. 323.) In cases of the class of the instant case the company is under no duty other than to avoid injury to persons who may be in the way of its trains after their presence and peril have actually been discovered. (*Dahmer* v. *Northern Pac. Ry. Co., supra,* and cases cited.)

Construing the evidence from the aspect of it most favorable to the plaintiff, it presents nothing more than a scintilla [2] tending to show that the engineer actually observed the boy on the track. In *Escallier* v. *Great Northern Ry. Co.*, 46 Mont. 238, Ann. Cas. 1914B, 468, 127 Pac. 458, it was pointed out that it requires more than this to call for the judgment of a jury. The principle of that case applies here.

Honorable Theodore Lentz, of the fourth judicial district, presided at the trial, having been requested to do so by [3–8] Honorable John B. McClernan, the resident judge, in whose department the case was pending. After the verdict was rendered, but before judgment had been entered, Judge

Lentz returned to his own district. A few days later a formal judgment was presented to him by counsel for defendants at Missoula for his signature. After he had signed it, it was transmitted to the clerk of the district court in Silver Bow county, and by him duly entered. Counsel for plaintiff contend that, since Judge Lentz did not formally render judgment in open court in Silver Bow county, the judgment is void. It is true that a judge cannot at chambers, after leaving the district in which he has presided at a trial, render judgment therein or make any order other than he is authorized by statute or by agreement of the parties. (*State ex rel. Mannix* v. *District Court,* 51 Mont. 310, 152 Pac. 753.) Indeed, he is without jurisdiction while he is in his own district to do anything at chambers, in relation to cases pending there, other than what the statute authorizes. (*State ex rel. Mannix* v. *District Court, supra;* 23 Cyc. 550.) The rendition of a judgment is a judicial act which, to be valid, must be rendered in open court. Section 6800 of the Revised Codes declares: "When trial by jury has been had, judgment must be entered by the clerk, in conformity to the verdict, within twenty-four hours after the rendition of the verdict, unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings." Under this provision, the return and recording of a general verdict makes it the ministerial duty of the clerk to enter judgment. In other words, the recording of the verdict under the direction of the court is the rendition of judgment. Thereafter the court has no other function to perform with reference to it, unless it has ordered the case to be reserved for argument or further consideration, or granted a stay of proceedings. The custom of drawing a formal judgment and having the judge sign it is usually observed; but this is not required by the statute. The signature of the judge is not essential to its validity. (*State ex rel. Dolenty* v. *District Court,* 42 Mont. 170, 111 Pac. 731; *State ex rel. Anderson* v.

*District Court,* 56 Mont. 244, 184 Pac. 218; Spelling on New Trial & Appellate Practice, sec. 485.)

It is otherwise when the court directs the jury to return [9] a special verdict or special findings. When the special verdict or findings are returned, it is the duty of the court to render the proper judgment. (*McDonald* v. *Klenze,* 52 Mont. 142, 157 Pac. 175.) "There is this difference between a general and a special verdict: The former includes, or rather unmistakenly implies, the conclusion of law constituting a judgment, while the latter answers the purpose of findings by the court, but lacks the conclusion of law which accompanies findings made by the court. Therefore, in cases of special verdicts, the clerk has no guide for entering the judgment until the court has declared the conclusion of law; that is, directed what judgment shall be entered." (Spelling on New Trial & Appellate Practice, sec. 485.) When this is the situation, the rendition of judgment, being a judicial act which remains to be done, must be performed by the judge in open court. The announcement of his decision by the judge in open court and the entry of it in the minutes constitute the rendition of the judgment. The equity cases, if the decision is general or the findings are not accompanied by conclusions of law embodying specific directions as to the adjustment of the rights of the parties, the clerk has no authority to enter the judgment. In assuming to do so, he assumes to perform judicial functions, whereas his duty in this respect is ministerial. He may not act at all until the terms of the judgment have been finally fixed by the court. (*State ex rel. Reser* v. *District Court,* 53 Mont. 235, 163 Pac. 1149.) When this has been done, however, the clerk's duty is clear. When entered in conformity with the direction of the court, the judgment is the judgment of the court, though not written out and signed by the judge.

The signing of the judgment in this case by Judge Lentz at Missoula was therefore not necessary to authorize the clerk

to enter the judgment. The contention of counsel is without merit.

The judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.

MR. JUSTICE COOPER: The evidence in this case not differing materially from that presented in *McIntyre* v. *Northern Pac. Ry. Co.*, 56 Mont. 43, 180 Pac. 971, I feel compelled to dissent upon the ground that in my judgment the evidence was sufficient to call for a submission of it to the jury.